IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANKLIN EUGENE TINNEY,          *
                                 *
        Plaintiff,               *
                                 *
    vs.                          *       Civil Action No.   ADC-15-3280
                                 *
CAROLYN W. COLVIN,               *
Acting Commissioner,             *
Social Security Administration,  *
                                 *
        Defendant.               *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OPINION**

On October 28, 2015, Franklin Eugene Tinney ("Plaintiff") petitioned this court to review the Social Security Administration's ("SSA") final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and each parties respective motions for summary judgment (ECF Nos. 14, 19, 22), the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED, and the Court REMANDS this matter for further consideration.

**CASE BACKGROUND**

On March 24, 2010, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. In both claims, Plaintiff alleged disability beginning on October 10, 2009. Both claims were denied initially and upon reconsideration on June 1, 2010 and October 21, 2010, respectively. Subsequently, on December 2, 2010, Plaintiff filed a written request for a hearing. On November

1

10, 2011, a video hearing was held before an Administrative Law Judge. Following that hearing, on December 30, 2011, the ALJ rendered a decision denying Plaintiff's claims for DIB and SSI. ECF No. 11 at 124. Thereafter, Plaintiff requested review of the decision and, on February 20, 2013, the Appeals Council vacated the ALJ's decision and remanded the case for another hearing. On January 15, 2014, the second hearing was held before an Administrative Law Judge ("ALJ"). On March 27, 2014, the ALJ rendered a decision denying Plaintiff's claims for DIB and SSI determining that Plaintiff "has not been under a disability, as defined in the Social Security Act, from October 10, 2009, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g))." ECF No. 11 at 22. Thereafter, on May 13, 2014, Plaintiff requested review of the second decision, and on September 4, 2015, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ at the second hearing became the final decision of the Commissioner. See C.F.R. § 416.1481; see also *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On October 28, 2015, Plaintiff filed the Complaint in this Court seeking judicial review of the Commissioner's final decision.[1] On March 7, 2016, Plaintiff filed a Motion for Summary Judgment. On July 5, 2016, Defendant filed a Motion for Summary Judgment. On July 21, 2016, Plaintiff filed a Reply to Defendant's Motion for Summary Judgment. This matter is now fully briefed and the Court has reviewed Plaintiff's Motion for Summary Judgement, Defendant's Motion for Summary Judgment, and Plaintiff's Reply.

---

[1] On July 28, 2016, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that he is under disability within the meaning of the Social Security Act. The term "disability," for purposes of the Social Security Act, is defined as the "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such a severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The evaluation process is sequential, meaning that, "[i]f at any step a finding of disability or non-disability can be made, the [Commissioner] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. at 24; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the Commissioner considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the Commissioner considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the

3

duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c).

At step three, the Commissioner considers the medical severity of the impairment. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the presumptively disabling impairments listed in the Code of Federal Regulations, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

At step four, the Commissioner will assess the claimant's residual functional capacity ("RFC") to determine the claimant's ability to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

At steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *see also Radford*, 734 F.3d at 291. At step five, the burden shifts to the Commissioner to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012); *See also Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v),

404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

### ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset date of October 10, 2009. ECF No. 11 at 18. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and left rotator cuff tear. *Id.* At step three, the ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt P, App. 1. *Id.* At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work but "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only occasionally climb, stoop, crouch, kneel, crawl, and balance; can never climb ladders, ropes, or scaffolds; can do no overhead lifting with the left non-dominant hand and lift the left hand only to shoulder level." ECF No. 11 at 19-21. However, at step five, the ALJ determined that, "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* at 21-22. Thus, the ALJ concluded that, "[a] finding of 'not disabled' is therefore appropriate under the framework of the above-cited rule [Medical-Vocational Rule 202.21]." *Id* at 22.

### STANDARD OF REVIEW

"This Court is authorized to review the Commissioner's denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)

(internal quotation marks omitted). However, the Court does not conduct a de novo review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *see also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a de novo review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence."). Therefore, the issue before the reviewing court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.").

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted); *see Hancock v. Astrue*, 667 F.3d 470, 472 (2012). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Smith v. Chater*, 99 F.3d at 638. "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d at 653 (internal quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (internal quotation marks omitted).

PLAINTIFF'S ARGUMENTS RAISED

In the present case, the ALJ found at step four of the sequential evaluation that Plaintiff had the residual functional capacity to perform light work as defined by 20 CFR 404.1567(b) and 416.967(b) with specific assigned limitations. In addition, the ALJ determined at step five that Plaintiff was "closely approaching advanced age[.]" ECF No. 11 at 21. Plaintiff contends that the ALJ: (1) failed to properly evaluate Plaintiff's claims of pain, fatigue, depression, anxiety, hypertension, left-hand weakness, and knee pain as well as Plaintiff's need to lie down for extended periods in his determination of Plaintiff's RFC; and (2) failed to use a higher age category at step five of Plaintiff's sequential evaluation pursuant to 20 C.F.R., Part 404, Subpart P, Appendix 2 of the Medical-Vocational Guidelines.

DISCUSSION

A. **The ALJ's determination of Plaintiff's RFC was not supported by substantial evidence.**

Plaintiff argues that the ALJ's residual functional capacity determination was not supported by substantial evidence because it failed to account for her symptoms of pain, fatigue, depression, anxiety, hypertension, left-hand weakness, knee pain, and the need to lie down for extended periods. The Court agrees.

An ALJ has a duty to explain the decision so as to enable meaningful judicial review. *See Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir.1987). A denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and ... sufficiently explained the weight he has given to obviously probative exhibits." *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir.1984). Furthermore, ALJs have a duty to explain their assertions and support them with evidence from the record. *Cook v. Heckler*, 783 F.2d 1168, 1174 (4th Cir.1986) (holding that the ALJ "must make a specific and well-articulated finding as to the effect of the combination of a

claimant's impairments."). An ALJ's failure to explain would make the court's function on administrative appeal meaningless because, without such explanation, it would be impossible to ascertain whether the ALJ supported his assertions with substantial evidence. *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir.1977).[2]

In determining RFC specifically, an ALJ must take into account the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. § 404.1545(a) (ordering ALJ to consider entire record); 96–8p (defining RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d at 1453, 1456 (4th Cir.1990) (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir.1979)).

In the present case, the ALJ concludes that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." The explanation that follows, however, fails to articulate the ALJ's reasoning for discounting Plaintiff's testimony. Instead, the ALJ's determination simply recites select portions of medical evidence without any analysis or weighing of that evidence. Thus, the ALJ failed to adequately explain which facts supported his RFC determination. The court, therefore, cannot determine whether the ALJ's decision with regard to Plaintiff's RFC at step four of the sequential evaluation is supported by "substantial evidence."

---

[2] In *Arnold*, the Fourth Circuit held that a "bare recital" of a record replete with conflicting evidence without an explanation of why certain pieces of evidence were considered more probative than others made the court's review duty impossible. *Arnold*, 567 F.2d at 259–60.

It is not for this Court to weigh the evidence and decide how the ALJ determined a plaintiff's RFC. *See Hays*, 907 F.2d at 1456. Consequently, remand for proper consideration is appropriate. The Court need not address Plaintiff's remaining arguments.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED, and the Court REMANDS this matter to the Commissioner, pursuant to sentence four of 42 U.S.C. §§ 405(g), for further consideration in accordance with this Court's accompanying order. In so doing, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct or incorrect. The clerk is DIRECTED to close this case.

Date: 8/19/16

A. David Copperthite
United States Magistrate Judge